## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-24497-BLOOM

IN RE BIO ENERGIAS COMERCIALIZADORA
DE ENERGIA LTDA.,

      Petitioner.

_____/

### OMNIBUS ORDER ON MOTION TO VACATE *EX PARTE* ORDER GRANTING 28 U.S.C. § 1782 APPLICATION AND MOTION TO QUASH SUBPOENA ISSUED PURSUANT TO *EX PARTE* ORDER GRANTING 28 U.S.C. § 1782 APPLICATION

**THIS CAUSE** is before the Court upon Respondent Amadeu Cruz Barbosa Filho's ("Barbosa") Motion to Vacate the *Ex Parte* Order Granting a 28 U.S.C. § 1782 Application, ECF No. [7], and Respondent Romeu de Aguiar Pradines, Jr.'s ("Pradines") Motion to Quash Subpoena Issued Pursuant to *Ex Parte* Order Granting 28 U.S.C. § 1782 Application, or, in the Alternative, Objection to Documents Requested in the Subpoena, ECF No. [12] (together, "Motions"). The Court has carefully considered the Motions, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are granted.

### I.      BACKGROUND

This case involves an underlying dispute in Brazil, in which Petitioner Bio Energias Comercializadora de Energia Ltda. ("Bio Energias") is the claimant in an arbitration arising from Vega Comercializadora de Energia Ltda.'s ("Vega") failure to comply with its obligations under twenty-one Power Purchase Agreements ("PPAs"). On October 30, 2019, Bio Energias filed an *ex parte* application for judicial assistance pursuant to 28 U.S.C. § 1782 requesting the issuance of subpoenas directed to Barbosa and Pradines (together, "Respondents") seeking documents and information related to the alleged fraudulent transfer of Vega's assets to affiliated entities in an

effort to frustrate and circumvent the arbitration in Brazil. *See* ECF No. [1] ("Application"). In the

Application, Bio Energias represented that all requirements of 28 U.S.C. § 1782 had been met and

that the discretionary factors also weighed in favor of granting the Application. *See id*. On

November 1, 2019, after considering the information available to it at the time, the Court granted

the Application and authorized counsel for Bio Energias to issue and serve the proposed subpoenas

on Barbosa and Pradines. ECF No. [5] ("Order"). In the Motions, Respondents request that the

Court vacate the Order and quash the subpoenas, or in the alternative, sustain their objections to

the subpoenas.[1]

## II.     LEGAL STANDARD

Section 1782 authorizes, but does not require, federal courts to assist applicants in

gathering evidence for use in foreign tribunals. *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194,

1198 (11th Cir. 2016). Whether to grant relief under the statute is up to the court's discretion.

*Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*,

747 F.3d 1262, 1271 (11th Cir. 2014). A district court may not grant an application under § 1782

unless four statutory requirements are met:

> (1) the request must be made "by a foreign or international tribunal" or by "any
> interested person;"
> (2) the request must seek evidence, be it the testimony or statement of a person or
> the production of a document or other thing;
> (3) the evidence must be "for use in a proceeding in a foreign or international
> tribunal;" and, finally,
> (4) the person from whom discovery is sought must reside or be found in the district
> of the district court ruling on the application for assistance.

28 U.S.C. § 1782(a); *see also In re Clerici*, 481 F.3d 1324, 1331 (11th Cir. 2007). In any event, "a

district court's compliance with a § 1782 request is not mandatory." *United Kingdom v. United*

---

[1] Barbosa has also requested that, should the Order not be vacated and the subpoena quashed, the Court should stay these proceedings until Bio Energias provides information regarding the status of proceedings in Brazil and to await discovery determinations from the foreign proceeding. *See* ECF No. [7] at 18.

*States*, 238 F.3d 1312, 1319 (11th Cir. 2001).

## III. DISCUSSION

In the Motions, Respondents argue that the Application should not have been granted because it does not meet the third statutory requirement that the evidence be "for use in a proceeding in a foreign or international tribunal". Moreover, Respondents contend that the discretionary factors weigh against Bio Energias. Because the Court determines that the discretionary factors are dispositive in this case, the Court will assume that the Brazilian arbitration qualifies as a foreign or international tribunal.

### A. The discretionary *Intel* factors

Respondents argue that the Court should vacate the Order based upon the discretionary factors set forth by the United States Supreme Court in *Intel Corporation v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), which Respondents contend all weigh in favor of disallowing the discovery sought in this case. In addition to considering whether the statutory requirements of § 1782 are met, the Court must also apply the four discretionary factors established by the Supreme Court in *Intel*. The *Intel* factors include:

1) whether the respondents are parties in a foreign proceeding;
2) the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign tribunal to assistance from a U.S. federal court,
3) whether the discovery application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States, and
4) whether the request is intrusive or burdensome.

*Id.* at 264-65.

As to the first *Intel* factor, "whether the respondents are parties in a foreign proceeding," the Supreme Court has held that the need for § 1782 aid "generally is not as apparent" when the subpoena targets parties to the foreign proceeding. *Id.* at 264. "[Section] 1782 discovery is more likely to be justified when the person from whom the discovery is sought is not a participant in the

prospective foreign proceeding because nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *In re Application of Bracha Found.*, 663 F. App'x 755, 764-65 (11th Cir. 2016). Respondents argue first that they are parties and participants in the Brazilian arbitration because they are alleged owners of Vega or affiliated entities. The Court finds this argument to be unavailing. Here, the participants in the arbitration are Bio Energias and Vega. Moreover, "[a] general principle of corporate law is that a corporation is a separate legal entity, distinct from the persons comprising them." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008). Bio Energias contends that Respondents participated in alleged fraudulent transfers of Vega's assets to affiliated entities in an effort to frustrate and circumvent the arbitration in Brazil. This contention does not make Respondents parties to the arbitration.

In their Reply, Respondents change their argument slightly, contending instead that the key issue is whether the discovery sought is obtainable through the foreign proceeding, and that they should be considered to be participants because the International Bar Association Rules on the Taking of Evidence in International Arbitration ("IBA Rules"), which Bio Energias and Vega have agreed to be bound by in the Brazilian arbitration, state that a party's officers may interview its witnesses and discuss prospective testimony. ECF No. [19] at 5. However, Respondents' argument ignores the fact that it is undisputed that they are "found" here in the Southern District of Florida, and therefore, there is no indication that the Câmara FGV de Mediação e Arbitragem ("FGV"), the arbitral body in Brazil, has jurisdiction over them. In addition, the fact that the IBA Rules permit parties' officers to discuss prospective testimony with witnesses does not lead to the conclusion that the officers are automatically participants in the proceeding. As such, the Court finds that the first *Intel* factor weighs in favor of allowing the discovery sought in this case.

As to the second *Intel* factor relating to the "nature of the foreign tribunal, the character of

the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," Respondents argue that all signs show that Brazil and FGV would not be receptive to assistance by a U.S. federal court, relying on the Declarations provided by Keith Rosenn, ECF No. [7-2], Alfredo Gomes de Souza Junior, ECF No. [7-3], and Renata Martins de Oliveira Amado, ECF No. [7-4]. In response, Bio Energias argues that Respondents have not provided authoritative proof that the requested evidence would not be accepted in the Brazilian arbitration, and that in any event, there is no admissibility requirement under § 1782.

While Respondents provide evidence that Brazilian courts may not be inclined to accept such evidence, the proceeding in this case is not before a Brazilian court. Moreover, the Supreme Court in *Intel* expressly disavowed the idea that § 1782 contains a foreign discoverability requirement. 542 U.S. at 260-61. Thus, Bio Energias is correct that the Court does not concern itself upon a § 1782 application with whether the requested discovery would be discoverable, or even admissible, in Brazil. *See Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012) (finding that "a district court should not consider the *discoverability* of the evidence in the foreign proceeding, [and] it should not consider the *admissibility* of evidence in the foreign proceeding in ruling on a section 1782 application") (emphasis in original).

Upon review, however, the Court determines that this factor weighs in favor of Respondents. Here, Bio Energias asserts that it and Vega, the parties to the Brazilian arbitration, have agreed to be governed by the IBA Rules, which set out a procedure for the request and production of documents, including requests to third parties. The IBA Rules permit discovery from third parties, but set forth a specific procedure for such discovery. According to Article 3.9 of the IBA Rules,

> [i]f a Party wishes to obtain the production of Documents from a

person or organization who is not a Party to the arbitration and from whom the Party cannot obtain the Documents on its own, the Party may, within the time ordered by the Arbitral Tribunal, ask it to take whatever steps are legally available to obtain the requested Documents, or seek leave from the Arbitral Tribunal to take such steps itself. The Party shall submit such request to the Arbitral Tribunal and to the other Parties in writing . . . . The Arbitral Tribunal shall decide on this request and shall take, authorize the requesting Party to take, or order any other Party to take, such steps as the Arbitral Tribunal considers appropriate if, in its discretion, it determines that *(i)* the Documents would be relevant to the case and material to its outcome, *(ii)* the requirements of Article 3.3 as applicable, have been satisfied and *(iii)* none of the reasons for objection set forth in Article 9.2 applies.

ECF No. [19-8] at 6-7. As such, Bio Energias could have asked the arbitral tribunal to request the documents directly or request to be permitted to take the steps necessary to request the documents itself. There is no indication from the record that Bio Energias submitted either type of request to the FGV arbitral panel. Thus, it is not evident that the FGV panel would be receptive to documents obtained in the manner Bio Energias seeks to obtain them.

As to the third *Intel* factor, and critical to the Court, "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," the Court finds that this factor weighs heavily in favor of Respondents for the same reason the second factor weighs in their favor. Respondents argue that under Brazilian law, only an arbitrator has the right to request evidence under the FGV rules. In response, Bio Energias contends that nothing in the IBA Rules prohibit a litigant from seeking evidence pursuant to § 1782. However, Bio Energias does not acknowledge or discuss Article 3.9 of the IBA Rules, which requires at the very least that a party put the arbitral panel on notice of its efforts to obtain discovery. Moreover, the IBA Rules empower the arbitral tribunal to order a party to obtain documents or obtain itself any necessary documents. *See* Article 3.10, ECF No. [19-8] at 7 ("At any time before the arbitration is concluded, the Arbitral Tribunal may . . . *(ii)* request any

Party to use its best efforts to take or *(iii)* itself take, any step that it considers appropriate to obtain Documents from any person or organization.").

Here, Bio Energias asserts that it and Vega have agreed to be governed by the IBA Rules in the Brazilian arbitration, yet Bio Energias has provided no evidence to show that it has complied with the requirement imposed under Article 3.9 of the IBA Rules before the FGV, or that the arbitral tribunal has requested that it do so. As a result, it is not apparent that the Application is anything less than an attempt to circumvent the arbitral panel in Brazil.

Finally, as to the last *Intel* factor, whether the request is otherwise "unduly intrusive or burdensome," the Court finds that this factor also weighs in favor of Respondents. Respondents argue that the subpoenas seek essentially every corporate document related to Vega or any of its affiliates. In addition, the subpoenas request privileged financial documents and asset information of Vega, its affiliates, and unrelated third parties. In response, Bio Energias argues that the requests are narrowly tailored to focus on defined activities related to the claims asserted by Bio Energias in the arbitration. However, according to the Application, the arbitration arises out of Vega's failure to comply with its obligations under the PPAs, under which Vega is required to sell energy to Bio Energias. While Bio Energias may suspect that Respondents have fraudulently transferred the assets of Vega to affiliated entities in attempts to frustrate or circumvent the arbitration in Brazil, it is not evident from the materials before the Court that Bio Energias has made that claim in the Brazilian arbitration. As such, the information sought may be relevant to Bio Energias's suspicion, but it does not appear to be directly relevant to the claim asserted by Bio Energias in the arbitration.

The Court initially granted the *ex parte* Application without the benefit of Respondents' arguments. Upon reconsideration, the Court finds that the *Intel* factors, especially the second and third factors, weigh against Bio Energias and in favor of Respondents in this case. Therefore, the

Court elects not to exercise its broad discretion in permitting the discovery, and finds a good basis exists to vacate the Order and quash the subpoenas.[2]

## IV.    CONCLUSION

It is, therefore, **ORDERED AND ADJUDGED** as follows:

1. The Motions, **ECF Nos. [7], [12]**, are **GRANTED**.

2. The Order, **ECF No. [5]**, is **VACATED**.

3. The subpoenas, **ECF Nos. [4-1]** and **[4-2]**, issued and served upon Pradines and Barbosa are **QUASHED**.

4. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 30, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[2] Because the Court finds that the discretionary factors weigh against permitting the discovery sought in this case, the Court does not consider Respondents' requests for alternate relief.